IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIN LYNN PETERSON,

Plaintiff,

v.

VILLANUEVA, et al.,

Defendants.

No.  2:25-cv-3638-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's first amended complaint, ECF No. 7.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

/ / /

/ / /

1

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Villanueva, a correctional officer at California State Prison – Sacramento (CSP-Sac); Uolla, a correctional officer at CSP-Sac; (3) Lopez, a correctional officer at CSP-Sac; and (4) Parham, a supervisor officer at CSP-Sac. See ECF No. 7, pgs. 1-2. Plaintiff alleges that Defendants violated Plaintiff's Eighth Amendment rights, specifically prohibitions against cruel and unusual punishment, excessive force, and "failure to provide safe human [sic] and secure Living conditions." Id. at 6.

According to Plaintiff, between May 31, 2025, and June 4, 2025, Defendant Villanueva directed several African American inmates to attack Plaintiff while Plaintiff was at a prison telephone booth attempting to call his family. See id. at pgs. 16-17. Plaintiff claims that the assault occurred because Plaintiff refused to comply with Defendant Villanueva's order for Plaintiff to return to his cell for "close custody count." See id. at 16. Plaintiff states that he was not subject to close custody count and wanted to take a shower. See id. Defendant Villanueva allegedly replied, "no take your ass back to your cell." Id. Plaintiff, after seeing that Defendant Villanueva had allowed two Hispanic inmates to use the showers, allegedly accused Defendant Villanueva of racism before turning around and returning to his cell. See id. On the way back to his cell, Plaintiff claims that he "saw c/o Villanueva speak to inmate Maloy who both pointed to"

Plaintiff and nodded their heads. Id. at 17.

Next, Plaintiff claims that he was assaulted by Inmate Jackson, the cellmate of Inmate Maloy, on some unspecified later date for approximately two to four minutes before correctional officers responded to the incident. See id. at 17-18. Plaintiff claims to have punched Inmate Jackson in the face "Due to the lack of protection and lack of staff response." Id. at 18. While beating Plaintiff, the assailants allegedly stated that they would beat Plaintiff again if Plaintiff "disrespected staff or the program again." Id. Plaintiff was interviewed by Defendant Parham following the assault. See id. Plaintiff claims that Defendant Parham did not address the allegedly "unethical agreement" between Defendant Villanueva and the assailants to attack Plaintiff. See id. at 19. Plaintiff further claims that Defendant Parham and other officers present at the interview turned off their body cameras, smirked at each other, and stated that the assault "looked pretty personal." Id.

According to Plaintiff, on or about July 4, 2025, Plaintiff was punched on the left side of his face by Inmate Maloy while Plaintiff was walking to get medications. See id. at 20. Plaintiff allegedly ran to where Defendants Lopez and Uolla were located and told Defendants Lopez and Uolla that he had been assaulted. See id. Plaintiff alleges that Defendants Lopez and Uolla did not respond or render assistance to Plaintiff. See id.

Plaintiff next alleges that, on or about July 12, 2025, during a routine food tray and trash collection, Defendant Lopez took a plastic bag from Plaintiff's tray and slammed the bag's contents in front of Plaintiff's cell door. See id. at pgs. 21-22. Plaintiff believes that Defendant Lopez's actions were the "Result of Being Targeted and discriminated against by Folsom staff for disagreement with c/o Villanueva." Id. at 22.

///
///
///
///
///
///

3

## II. DISCUSSION

The Court finds that Plaintiff has asserted a cognizable Eighth Amendment excessive force claim against Defendant Villanueva. The Court also finds Plaintiff's remaining claims to be defective, for the reasons described below.  Specifically, Plaintiff has not alleged facts to establish a causal link between Defendant Parham and a violation of Plaintiff' constitutional or statutory rights.  Additionally, the Court finds that Plaintiff's medical care claim against Defendants Lopez and Uolla is deficient because Plaintiff does not allege that he was suffering from a serious medical condition.  Finally, Plaintiff's retaliation claim against Defendant Lopez is insufficient because Plaintiff does not allege facts to satisfy each of the elements of such a claim.

### A.    Causal Link to Constitutional or Statutory Violation

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff alleges that he suffered harm or injury as a result of the actions and inactions of Defendant Parham. However, Defendant Parham's actions and inactions do not implicate any of Plaintiff's constitutional rights. The Court grants Plaintiff leave to amend the first amended complaint to identify and allege a constitutional violation by Defendant Parham.

///

///

4

**B.**     **Medical Care**

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . .embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

Plaintiff alleges that he was punched and that, afterwards, Defendants Lopez and Uolla did nothing. However, Plaintiff does not allege that he had a serious medical need as a result of being punched. An Eighth Amendment medical claim only arises when the defendant is deliberately indifferent to a serious medical need. The Court grants Plaintiff leave to amend.

**C.      Retaliation**

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the plaintiff must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security.  See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose.  See Rhodes, 408 F.3d at 568.

Plaintiff alleges that Defendant Lopez slammed a plastic bag in front of Plaintiff's cell door to retaliate against Plaintiff for his disagreements with Defendant Villanueva. The Court finds this claim to be deficient because Plaintiff has not established elements (2) and (3) of a retaliation claim. First, as currently alleged, Plaintiff has not pled that Defendant Lopez's conduct was "because of" Plaintiff's disagreements with Defendant Villanueva, since Plaintiff does not allege that Defendant Lopez knew about Plaintiff's alleged disagreements. Second, Plaintiff has not alleged a protected activity relating to his disagreements, such as the filing of a grievance about which Defendant Lopez was aware. The Court grants Plaintiff leave to amend the first amended complaint.

6

///

## III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

///

///

///

///

///

7

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's first amended complaint is dismissed with leave to amend; and

2.      Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

**Dated:  February 5, 2026**

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE